UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RANSEY ROBERT SAMUEL HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:18-CV-182-TAV-MCLC |
| | ) |
| SULLIVAN COUNTY SHERIFF'S | ) |
| OFFICE, MEDICAL STAFF/OFFICE OF | ) |
| THE JAIL, JEFF CASSIDY, and | ) |
| KRISTIE FRAZIOR, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On January 31, 2019, the Court entered an order granting Plaintiff leave to proceed *in forma pauperis* and providing that Plaintiff had twenty days to file an amended complaint that would replace and supersede his prior complaint and any other filing in which Plaintiff sought to amend or supplement his complaint [Doc. 13 p. 4]. Plaintiff complied with this order [Doc. 14].[1] Accordingly, this matter is now before the Court for screening of the amended complaint pursuant to the Prison Litigation Reform Act ("PLRA").

## **I. SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are

---

[1] After filing his amended complaint, Plaintiff filed a supplement to it [Doc. 15]. This supplement contains no substantive allegations as to any individual, however, but rather is a letter and a collection of medical records. Accordingly, it has no affect on the Court's analysis herein.

against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

2

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

In his amended complaint, Plaintiff alleges that Defendant Sheriff Cassidy's officers either lost his dentures on June 18, 2018, or refuse to allow him to have them [Doc. 14 p. 3–4]. Plaintiff also asserts that Defendant Frazior has "refuse[d] to treat [his] medical needs and mental health needs" even though he has provided copies of his magnetic resonance imaging ("MRI") and doctor's information and signed records releases [*Id.*]. Plaintiff further states that no one would help him fill out "this paperwork" despite him asking several times [*Id.* at 4]. Lastly, Plaintiff asserts that he is in fear of his safety at his current facility after certain treatment by officers even though they know about his head injury and other medical issues [*Id.*].

## III. ANALYSIS

First, Plaintiff's only allegation as to Defendant Sheriff Cassidy is that his deputies have lost or refused to allow Plaintiff to have his dentures. Nothing in the amended complaint allows the Court to plausibly infer that Defendant Sheriff Cassidy "directly participated, encouraged, authorized[,] or acquiesced" in any officer's loss of or refusal to allow Plaintiff use of his dentures such that he could be liable for any such acts, however. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "[§] 1983 will not support a claim based on a *respondeat superior* theory of liability).

Further, neither the Sullivan County Sheriff's Office nor the medical staff of the jail is a suable entity under §1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)

(holding that a county police department was not an entity which may be sued under § 1983); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983"). And even if the Court liberally construes Plaintiff's complaint as against Sullivan County, nothing in the amended complaint suggests that any Sullivan County custom or policy caused any alleged violation of Plaintiff's constitutional rights as required to state such a claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable under § 1983 where its official custom or policy causes a constitutional rights violation).

Next, as to Defendant Frazior, liberally construing the complaint in Plaintiff's favor, he alleges that she has not provided him with medical and mental health treatment despite Plaintiff providing copies of his MRI, his doctor's information, and signed records releases. Plaintiff, however, has not set forth any facts to support the general allegation that Defendant Frazior has denied him medical or mental health treatment. *Ashcroft*, 556 U.S. at 681 (holding that recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief). Further, to the extent that Plaintiff seeks to hold Defendant Frazior liable under § 1983 based on his disagreement with her medical decisions that are different from those of his prior physicians based on his allegation that he has provided her with medical documentation from those physicians, that claim is not cognizable under § 1983. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a]s a general rule, a patient's disagreement with his physicians over the

4

proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983").

Also, even if the Court liberally construes Plaintiff's allegation that, despite his requests, that no one would help him fill out "this paperwork" to assert that Plaintiff has not received the "adequate, effective, and meaningful" access to this Court to which he is entitled, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), Plaintiff has not set forth anything to suggest that any named Defendant was directly responsible for this alleged denial of access.[2] *Shehee*, 199 F.3d at 300; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (holding that "a complaint must allege that the defendants were personally involved" in the violation of the plaintiff's rights to state a claim upon which relief may be granted under § 1983). Likewise, Plaintiff's conclusory assertion that he fears for his safety because of "certain treatment" by officers does not allow the Court to plausibly infer that any named Defendant may have violated Plaintiff's constitutional rights. *Id.*; *Polk Cty.*, 454 U.S. at 325.

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted as to any named Defendant. As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

---

[2] The Court specifically notified Plaintiff that his amended complaint should include "a short and plain statement of each claim showing that he is entitled to relief as to each Defendant" [Doc. 13 p. 3].

5

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE